KAREN MATTESON, Cal. Bar No. 102103
Email: mattesonk@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
JESSICA R. PUATHASNANON, Cal. Bar No. 208074
Email: puathasnanonj@sec.gov
C. DABNEY O'RIORDAN, Cal. Bar No. 205158
Email: oriordanc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind Tyson, Regional Director
Andrew Petillon, Associate Regional Director
John M. McCoy III, Regional Trial Counsel
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>THOMAS A. LABRY and CHEROKEE GAS SYSTEMS, INC.,<br><br>Defendants. | Case No. SACV10-00018 JVS(ANX)<br><br>**COMPLAINT** |

Plaintiff Securities and Exchange Commission ("Commission") alleges as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to Sections 20(b), 20(d)(1) and 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. §§ 77t(b), 77t(d)(1) & 77v(a), and Sections 21(d)(1), 21(d)(3)(A), 21(e) and 27 of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. §§ 78u(d)(1), 78u(d)(3)(A), 78u(e) & 78aa. Defendants have, directly or indirectly, made use of

the means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, in connection with the transactions, acts, practices, and courses of business alleged in this Complaint.

2. Venue is proper in this district pursuant to Section 22(a) of the Securities Act, 15 U.S.C. § 77v(a), and Section 27 of the Exchange Act, 15 U.S.C. § 78aa, because certain of the transactions, acts, practices, and courses of conduct constituting violations of the federal securities laws occurred within this district, Defendant Thomas A. Labry resides in this district, and Defendant Cherokee transacts or has transacted business in this district.

## SUMMARY

3. From on or about December 5, 2008, continuing to the present, the Defendants have been engaged in a fraudulent scheme whereby they solicit investors to invest in units of an unregistered securities offering constituting interests in oil and gas wells on Walters Field, located in Oklahoma. The Defendants represent projected minimum monthly returns of $725 per $25,000 unit purchased, or about a 35% annual return. In fact, investor monies are not invested in oil and gas production. Instead, Defendant Thomas A. Labry has misappropriated investor funds for his own personal use. From December 5, 2008, through December 31, 2009, the Defendants raised at least $1.4 million from investors located throughout the United States and in Canada. Of this amount, Labry has withdrawn $268,800 in cash, caused $148,126 in cashier's checks made out to "SCS" to be withdrawn and expended another $466,283 to purchase cashier's checks made payable to various individuals.

4. The Defendants have violated and are violating the antifraud provisions of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and Defendant Cherokee is additionally violating the securities registration provisions of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C.

§§ 77e(a) & 77e(c). By this action, the Commission seeks a temporary restraining order and preliminary and permanent injunctions prohibiting future such violations, appointment of a receiver over the entity Defendant, an order freezing the Defendants' assets, disgorgement of the Defendants' ill-gotten gains, and civil penalties.

## THE DEFENDANTS

5. **Thomas A. Labry ("Labry")** resides in Newport Beach, California. Labry is the president of Defendant Cherokee and has sole control over its bank accounts. Five states have issued administrative orders prohibiting Labry and/or an entity he then controlled, Iron Horse Petroleum, Inc. ("Iron Horse"), from offering or selling securities based on findings Labry and/or Iron Horse were offering and selling unregistered securities. Specifically:

- On August 25, 2000, the State of Illinois issued an Order of Prohibition prohibiting Iron Horse from offering and selling securities, based upon Findings that Iron Horse, including through a letter from Labry as its president, solicited and made representations to investors in offering and selling unregistered securities.
- On September 26, 2000, the Commonwealth of Pennsylvania, Pennsylvania Securities Commission, issued a Summary Order to Cease and Desist against Labry, Iron Horse and others finding that they were offering and selling unregistered securities, and ordering them to cease and desist from offering and selling unregistered securities.
- On January 9, 2001, the State of Wisconsin, Department of Financial Institutions, Division of Securities, issued an Order of Prohibition against Labry prohibiting him from offering and selling unregistered securities, based on a Petition for Order alleging offer and sale on behalf of Iron Horse of units constituting securities.
- On April 17, 2003, the State of Alabama, Alabama Securities

|   |   |
|---|---|
| 1 | Commission, issued a Cease and Desist Order against Labry, Iron |
| 2 | Horse and others finding that they were not registered as securities |
| 3 | agents or dealers, that the securities they were offering and selling |
| 4 | were not registered, and ordering them to cease and desist from |
| 5 | offering or selling any securities in Alabama. |

- On November 13, 2009, the Arizona Corporation Commission issued an Order to Cease and Desist, Order for Restitution [and] Order for Administrative Penalties, against Labry and Iron Horse finding that they had sold unregistered securities in the form of investment contracts and/or fractional undivided interests in oil and gas, and ordering that they permanently cease and desist from violating the Arizona Securities Act, pay restitution of $99,481.54, and pay a $50,000 penalty.

Additionally, on April 6, 2006, an Order and Judgment was entered by the Court in *Earl Burba and Brooke Burba v. Thomas A. Labry and Iron Horse Petroleum, Inc.*, Case No. SACV 04-1098 JVS (C.D. Cal.), following entry of a default order issued by the Court for failure to follow the Federal Rules of Civil Procedure, the Local Rules and Court Orders. The Order and Judgment ordered the Defendants to pay $647,776.12, consisting of actual damages resulting from Defendants' failure to return plaintiff's investment in Iron Horse, punitive damages, interest and attorneys' fees and costs.

6. **Cherokee Gas Systems, Inc. ("Cherokee")** was incorporated in Oklahoma on May 15, 1991, and operates from offices located in Costa Mesa, California. No registration statement has been filed with the Commission or has been in effect with respect to the securities offering by Cherokee alleged in this Complaint. Between December 5, 2008, and December 31, 2009, more than 40 people from 15 states have invested at least $1.4 million with Cherokee.

///
4

## THE FRAUDULENT SCHEME

### A. Cherokee Generally Solicits Investors Including Through Cold Calls

7. In approximately December 2008, Cherokee began soliciting potential investors throughout the United States, including through the use of cold calling. To facilitate this general solicitation, Labry, using Cherokee investor monies, purchased dialing software that can automatically place outbound calls from a pre-loaded database of numbers. In these calls, Cherokee representatives offer investors the opportunity to purchase units in oil and gas wells purportedly owned by Cherokee located on Walters Field in Oklahoma, for $25,000 per unit. In instances where an investor does not want to purchase an entire unit, Cherokee allows the investor to purchase a fraction of a unit. Cherokee representatives tell investors that they will start receiving returns on their investments, paid monthly, within 45 to 60 days of the investment.

8. Cherokee sends potential investors a package containing a cover letter, a brochure, and a subscription agreement. To purchase units, investors are instructed to send a check to Cherokee using a prepaid Federal Express envelope provided by Cherokee. Once Cherokee receives the investor's check, Cherokee sends to the investor a "Certificate of Participation" certifying that the investor is the holder of a certain number of units of "Working Interest in the Walters Field Priddy Sand Unit." The Certificate of Participation bears Labry's signature.

9. The Cherokee brochure is almost identical to the brochure previously disseminated by Iron Horse, an entity controlled by Labry, except that the Cherokee brochure refers to "Cherokee" rather than "Iron Horse."

### B. The Defendants Make Material Misrepresentations About The Investment And Misappropriate Investor Monies

10. Cherokee and Labry falsely represent to investors that their monies will be used to fund the increase in production of oil and gas from the Walters Field wells. In the "Company Profile" section of the brochure Cherokee sends to

investors, the Defendants represent that Cherokee is "engaged in the acquisition, development, exploration, production and marketing of natural gas and crude oil," and describes its "primary business strategy" as being "to build a reserve base through the acquisition and development of producing oil and gas wells that are underdeveloped." On the "Cherokee Project Summary" page of the brochure, the Defendants provide a description of the Walters Field Priddy Sand Unit, including its location and acreage, the number of total wells, equipped wells, injection wells, and amount of purported "proved reserves." The brochure also includes maps, including an "Aereal Map" described as an "Actual Photo" of the Walters Field Priddy Sand Unit with locations of the various wells marked.

11. Consistent with sales agents' oral representations to investors that they will receive monthly returns of at least $725 per unit, or about 35% annually, the Defendants represent in the Cherokee brochure that one of the "Project Benefits" is that "Income will be distributed monthly." Additionally, the Defendants include in the brochure under the faint heading "Projections" gross revenues per month assuming various daily and monthly production levels, of up to $456,240 in gross monthly revenues assuming 1,000 barrels of oil per day in production. However, another page provided to investors with the brochure entitled "Monthly Projections" purporting to show the per unit monthly returns on an investment with Cherokee, sets forth significantly greater gross revenues, assuming an oil price of $40 per barrel. On this page, the per unit monthly returns are projected to be between $725 to $4,225 depending on production levels ranging from 100 to 500 barrels of oil per day.

12. In fact, the Defendants are using little, if any, of the investor monies they obtain for oil production, having made only one payment of $10,000 to a company named McPherson Drilling, and $8,700 to a company named Garner Oil Company. Cherokee is also not receiving any income from oil and gas production, and is not paying investors any monthly returns. Instead, Labry, who is the sole

signatory on Cherokee's bank accounts, has misappropriated investor monies for his own use or to pay third parties in order to perpetuate the fraudulent scheme. Specifically, of the $1.65 million in monies deposited into Cherokee's bank accounts, at least $1.4 million of which is investor monies:

    a. Labry has withdrawn at least $268,800 in cash. This comprised approximately 16% of deposits during this period.

    b. Labry has withdrawn $466,283 that he then used to purchase cashier's checks payable to various individuals who were not investors. These withdrawals comprised approximately 28% of deposits during this period. Of these cashier's checks, certain individuals received the following:

        i. cashier's checks totaling $221,195 were paid to Gary Maddux, who was convicted of wire and mail fraud in 1998; and

        ii. cashier's checks totaling $105,000 were paid to Gary Wykidal, an attorney who represented Labry and Iron Horse in *Burba v. Thomas A. Labry and Iron Horse Petroleum, Inc.*, Case No. SACV 04-1098 JVS (C.D. Cal.).

    c. Labry has made withdrawals totaling $148,126 that were used to purchase cashier's checks made out to "SCS," one or more of which he then cashed.

    d. Labry has made payments to OPC Marketing Inc., for the purchase of dialing software that can automatically place outbound calls from a pre-loaded database of numbers, of at least $17,737; among the databases purchased were databases containing telephone numbers of "Homeowners Age 60+ with income $100K and up **Except CA**," and "Homeowners Age 60+ with wealth 1 million **Except CA**" purchased on or about

June 16, 2009.

13. When investors inquire why they have not received their promised monthly returns, they are falsely told by Cherokee agents that oil production is "behind" and that they will receive payment within a certain number of weeks or by a certain date. Cherokee and Labry do not, in fact, make these promised payments.

### FIRST CLAIM FOR RELIEF
### OFFER AND SALE OF UNREGISTERED SECURITIES
### Violations of Sections 5(a) and 5(c) of the Securities Act
### (Against Cherokee)

14. The Commission realleges and incorporates by reference paragraphs 1 through 13 above.

15. Defendant Cherokee, by engaging in the conduct described above, directly or indirectly, made use of means or instruments of transportation or communication in interstate commerce or of the mails, to offer to sell or to sell securities, or to carry or cause such securities to be carried through the mails or in interstate commerce for the purpose of sale or for delivery after sale.

16. No registration statement has been filed with the Commission or has been in effect with respect to the offering alleged herein.

17. By engaging in the conduct described above, Defendant Cherokee has violated, and unless restrained and enjoined will continue to violate, Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

### SECOND CLAIM FOR RELIEF
### FRAUD IN THE OFFER OR SALE OF SECURITIES
### Violations of Section 17(a) of the Securities Act
### (Against Defendants Labry and Cherokee)

18. The Commission realleges and incorporates by reference paragraphs 1 through 13 above.

19. Defendants Labry and Cherokee, and each of them, by engaging in the

1 conduct described above, directly or indirectly, in the offer or sale of securities by the use of means or instruments of transportation or communication in interstate commerce or by use of the mails:

    a. with scienter, employed devices, schemes, or artifices to defraud;

    b. obtained money or property by means of untrue statements of a material fact or by omitting to state a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    c. engaged in transactions, practices, or courses of business which operated or would operate as a fraud or deceit upon the purchaser.

20. By engaging in the conduct described above, Defendants Labry and Cherokee violated, and unless restrained and enjoined will continue to violate, Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

### THIRD CLAIM FOR RELIEF

### FRAUD IN CONNECTION WITH THE PURCHASE OR SALE OF SECURITIES

**Violations of Section 10(b) of the Exchange Act and Rule 10b-5 Thereunder**

**(Against Defendants Labry and Cherokee, and alternatively against Labry as a Control Person of Cherokee)**

21. The Commission realleges and incorporates by reference paragraphs 1 through 13 above.

22. Defendants Labry and Cherokee, and each of them, by engaging in the conduct described above, directly or indirectly, in connection with the purchase or sale of a security, by the use of means or instrumentalities of interstate commerce, of the mails, or of the facilities of a national securities exchange, with scienter:

///

///

a. employed devices, schemes, or artifices to defraud;

b. made untrue statements of a material fact or omitted to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

c. engaged in acts, practices, or courses of business which operated or would operate as a fraud or deceit upon other persons.

23. By engaging in the conduct described above, Defendants Labry and Cherokee violated, and unless restrained and enjoined will continue to violate, Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

24. Alternatively, by engaging in the conduct described above, Defendant Labry directly or indirectly controlled Cherokee, and pursuant to Section 20(a) of the Exchange Act, 15 U.S.C. § 78t(a), is liable jointly and severally with and to the same extent as Cherokee is liable for its violations.

### PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that the Court:

### I.

Issue findings of fact and conclusions of law that the Defendants committed the alleged violations.

### II.

Issue orders, in a form consistent with Fed. R. Civ. P. 65(d), temporarily, preliminarily and permanently enjoining Defendants Labry and Cherokee and their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with any of them, who receive actual notice of the order by personal service or otherwise, and each of them, from violating Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a), and Section 10(b) of the Exchange Act, 15

U.S.C. § 78j(b) and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and additionally, temporarily, preliminarily and permanently enjoining Cherokee and its officers, agents, servants, employees, and attorneys and those persons in active concert or participation with any of them, from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c).

### III.

Issue in a form consistent with Fed. R. Civ. P. 65, a temporary restraining order and a preliminary injunction freezing the assets of Defendants Labry and Cherokee; appointing a receiver over Defendant Cherokee; prohibiting each of the Defendants from destroying documents; ordering accountings from each of the Defendants; and issuing an order permitting the Commission to conduct expedited discovery.

### IV.

Order Defendants Labry and Cherokee to disgorge all ill-gotten gains from their illegal conduct, together with prejudgment interest thereon.

### V.

Order Defendants Labry and Cherokee to pay civil penalties under Section 20(d) of the Securities Act, 15 U.S.C. § 77t(d), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

### VI.

Retain jurisdiction of this action in accordance with the principles of equity and the Federal Rules of Civil Procedure in order to implement and carry out the terms of all orders and decrees that may be entered, or to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

///
///
///
///

**VII.**

Grant such other and further relief as this Court may determine to be just and necessary.

DATED: January 7, 2010

Karen Matteson
C. Dabney O'Riordan
Attorneys for Plaintiff
Securities and Exchange Commission

Karen Matteson, Cal. Bar No. 102103
C. Dabney O'Riordan, Cal. Bar No. 205158
Securities and Exchange Commission
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| SECURITIES AND EXCHANGE COMMISSION | CASE NUMBER |
|---|---|
| PLAINTIFF(S) v. | SACV10-00018 JVS(ANX) |
| THOMAS A. LABRY and CHEROKEE GAS SYSTEMS, INC. | SUMMONS |
| DEFENDANT(S). | |

TO: DEFENDANT(S): _____

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Karen Matteson/C. Dabney O'Riordan_, whose address is _5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036_. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: JAN - 7 2010

By: **NANCY CASTRO**
Deputy Clerk

1144

(Seal of the Court)

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

CV-01A (12/07)    SUMMONS

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>SECURITIES AND EXCHANGE COMMISSION | DEFENDANTS<br>THOMAS A. LABRY and CHEROKEE GAS SYSTEMS, INC.<br><br>Orange County |
|---|---|
| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Karen Matteson and/or C. Dabney O'Riordan    (323) 965-3998<br>Securities and Exchange Commission<br>5670 Wilshire Boulevard, 11th Floor, Los Angeles, CA 90036 | Attorneys (If Known) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☒ 1 U.S. Government Plaintiff      ☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☐ Yes ☒ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No        ☐ MONEY DEMANDED IN COMPLAINT: $_____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
The Complaint alleges violations of the federal securities laws. 15 U.S.C. § 77e(a), 77e(c) & 77q(a); 15 U.S.C. § 78j(b) & 17 C.F.R. § 240.10b-5 thereunder.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 740 Railway Labor Act |
| | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | **PROPERTY RIGHTS** |
| ☐ 810 Selective Service | | | **CIVIL RIGHTS** | ☐ 620 Other Food & Drug | ☐ 820 Copyrights |
| ☒ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | **SOCIAL SECURITY** |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | **REAL PROPERTY** | | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | **IMMIGRATION** | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | **FEDERAL TAX SUITS** |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:    Case Number:    **SACV10-00018 JVS(ANX)**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☐ No ☑ Yes
If yes, list case number(s): 8:04-cv-01098-JVS-VBK

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply) ☑ A. Arise from the same or closely related transactions, happenings, or events; or
☑ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☑ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☑ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
|  |  |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Thomas A. Labry - Orange County<br>Cherokee Gas Systems, Inc. - Orange County |  |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County |  |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

**X. SIGNATURE OF ATTORNEY (OR PRO PER):** _/s/ Ka Matt_   Date _January 7, 2010_

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge James V. Selna and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV10- 18 JVS (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

================================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| | | |
|---|---|---|
| [ ] Western Division<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] Southern Division<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] Eastern Division<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)          NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY