JOHN M. McCOY III, Cal. Bar No. 166244
Email: mccoyj@sec.gov
FINOLA H. MANVELIAN, Cal. Bar No. 180681
Email: manvelianf@sec.gov
JESSICA R. PUATHASNANON, Cal. Bar No. 208074
Email: puathasnanonj@sec.gov
C. DABNEY O'RIORDAN, Cal. Bar No. 205158
Email: oriordanc@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Andrew G. Petillon, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THOMAS A. LABRY and CHEROKEE GAS SYSTEMS, INC.,<br><br>　　　　Defendants. | Case No. SACV 10-0018 JVS (ANx)<br><br>**ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING FREEZE OF ASSETS, (2) APPOINTING A PERMANENT RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) REQUIRING ACCOUNTING BY DEFENDANT THOMAS A. LABRY** |

This matter came to be heard upon the Court's Order to Show Cause Re Preliminary Injunction And Appointment Of Permanent Receiver, issued January 7, 2010. The OSC is included in the Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Requiring Accountings, And (5) Granting Expedited Discovery; And Order To show Cause re Preliminary Injunction And Appointment Of Permanent Receiver ("TRO"). As set forth in the January 12, 2010 and January 15, 2010 Declarations of John W. Cotton, defendant Thomas A. Labry ("Labry") was personally served on January 7, 2010, by the Receiver with the Summons, Complaint, TRO and all supporting papers, as well as a Notice of Deposition requiring him to appear to be deposed by the Commission on January 12, 2010, pursuant to the expedited discovery provisions of paragraph XIX of the TRO.

The Court has considered all of the evidence filed by Plaintiff Securities and Exchange Commission ("Commission") in support of its Application Of Plaintiff Securities And Exchange Commission For A Temporary Restraining Order And Orders: (1) Freezing Assets, (2) Appointing A Temporary Receiver, (3) Prohibiting The Destruction Of Documents, (4) Requiring Accountings, And (5) Granting Expedited Discovery; And Order To show Cause re Preliminary Injunction And Appointment Of Permanent Receiver filed January 7, 2010 (the "Application"), as well as the papers filed by the Temporary Receiver on January 15, 2010, and the January 15, 2010 Declaration of C. Dabney O'Riordan in support of the Commission's Application For A Preliminary Injunction and Appointment Of A Permanent Receiver filed January 15, 2010 ("Supplemental O'Riordan Declaration"). No response by defendant Thomas A. Labry ("Labry") to the OSC has been filed with the Court. Nor has defendant Labry complied with paragraphs XVI-XVIII of the TRO, requiring him to provide schedules of desk top computers, laptop computers and/or personal digital assistants; relevant passwords; and an

accounting to the Court and to the Commission, and to produce documents supporting the accounting to the Commission. Labry also failed to appear for his deposition on January 12, 2010, which deposition was noticed by the Commission in compliance with the expedited discovery provisions of paragraph XIX of the TRO. Based upon all of the evidence filed by the Commission, and the Receiver's Report, the Court finds:

- A. This court has jurisdiction over the parties to, and the subject matter of, this action.
- B. Good cause exists to believe that defendants Thomas A. Labry ("Labry") and Cherokee Gas Systems, Inc. ("Cherokee"), and each of them, have engaged in, are engaging in, and are about to engage in transactions, acts, practices and courses of business that constitute violations of Section 17(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77q(a), Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5, and additionally that Cherokee has engaged in, is engaging in, and is about to engage in transactions, acts, practices and courses of business that constitute violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C §§ 77e(a) and 77e(c).
- C. The Commission has demonstrated a probability of success on the merits in this action.
- D. Good cause exists to believe that the defendants will continue to engage in such violations to the immediate and irreparable loss and damage to investors and to the general public unless they are restrained and enjoined.

Accordingly:

///

///

## I.

IT IS HEREBY ORDERED that the Commission's Application for a Preliminary Injunction and Appointment of a Permanent Receiver is GRANTED.

## II.

IT IS FURTHER ORDERED that defendant Cherokee, and its officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, making use of any means or instruments of transportation or communication in interstate commerce or of the mails, to sell, to offer to sell, or to offer to buy through the use or medium of any prospectus or otherwise any security, or carrying or causing any security to be carried through the mails or in interstate commerce for the purpose of sale or delivery after sale, unless a registration statement has been filed as to such security, in violation of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

## III.

IT IS FURTHER ORDERED that defendants Labry and Cherokee, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in the offer or sale of any securities, by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails:

    A.    employing any device, scheme or artifice to defraud;

    B.    obtaining money or property by means of any untrue statement of a material fact or any omission to state a material fact necessary in order to make the statements made, in light of the circumstances under

which they were made, not misleading; or

C. engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser;

in violation of Section 17(a) of the Securities Act, 15 U.S.C. § 77q(a).

## IV.

IT IS FURTHER ORDERED that defendants Labry and Cherokee, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily restrained and enjoined from, directly or indirectly, in connection with the purchase or sale of any security, by the use of any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

A. employing any device, scheme or artifice to defraud;

B. making any untrue statement of a material fact or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

C. engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person;

in violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5 thereunder, 17 C.F.R. § 240.10b-5.

## V.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Labry and Cherokee, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are preliminarily

4

restrained and enjoined from, directly or indirectly:

    A.    transferring, assigning, selling, hypothecating, changing, wasting, dissipating, converting, concealing, encumbering, or otherwise disposing of, in any manner, any funds, assets, securities, claims, or other real or personal property, wherever located, of defendants Labry and Cherokee, or their subsidiaries or affiliates, owned by, controlled by, managed by or in the possession or custody of any of them;

    B.    transferring, assigning, selling, hypothecating, encumbering, or otherwise disposing of any securities, including, but not limited to, any investment contracts or other securities of Cherokee, or any of its subsidiaries or affiliates.

## VI.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, the previously ordered freeze placed on all monies and assets (with an allowance for necessary and reasonable living expenses to be granted only upon good cause shown by application to the Court with notice to and an opportunity for the Commission to be heard) in all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant), all certificates of deposit, and other funds or assets, held in the name of, for the benefit of, or over which account authority is held by Labry and/or Cherokee or any entity affiliated with any of them, remains in full force and effect, and includes, but is not limited to, the accounts set forth below:

| **Institution Name** | **Account Name** | **Account No.** |
|---|---|---|
| Bank of America | Cherokee Gas Systems, Inc. | 305001406447 |
| Bank of America | Iron Horse Petroleum, Inc. | 0987666645 |
| Bank of America | Iron Horse Petroleum, Inc. | 0987467230 |

| Institution Name | Account Name | Account No. |
|---|---|---|
| Bank of America | Unknown holder (Labry is a signatory) | 0987866989 |
| Wachovia Bank | Cherokee Gas Systems, Inc. | 2000041514838 |
| Wachovia Bank | Cherokee Gas Systems, Inc. | 2000041514812 |

## VII.

IT IS FURTHER ORDERED that John W. Cotton is appointed as receiver of Cherokee, and its subsidiaries and affiliates, including but not limited to Iron Horse Petroleum, Inc., with full powers of an equity receiver, including, but not limited to, full power over all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other property belonging to, being managed by or in the possession of or control of Cherokee, and its subsidiaries and affiliates, and that such receiver is immediately authorized, empowered and directed:

 A. to have access to and to collect and take custody, control, possession, and charge of all funds, assets, collateral, premises (whether owned, leased, occupied, or otherwise controlled), choses in action, books, records, papers and other real or personal property, wherever located, of or managed by Cherokee, and its subsidiaries and affiliates, with full power to sue, foreclose, marshal, collect, receive, and take into possession all such property;

 B. to have control of, and to be added as the sole authorized signatory for, all accounts of the entities in receivership, including all accounts at any bank, title company, escrow agent, financial institution or brokerage firm (including any futures commission merchant) which has possession, custody or control of any assets or funds of Cherokee, and its subsidiaries and affiliates, or which maintains accounts over

|    |    |    |
|----|----|----|
| 1  |    | which Cherokee, and its subsidiaries and affiliates, and/or any of their |
| 2  |    | employees or agents have signatory authority; |
| 3  | C. | to conduct such investigation and discovery as may be necessary to |
| 4  |    | locate and account for all of the assets of or managed by Cherokee, |
| 5  |    | and its subsidiaries and affiliates, and to engage and employ attorneys, |
| 6  |    | accountants and other persons to assist in such investigation and |
| 7  |    | discovery; |
| 8  | D. | to take such action as is necessary and appropriate to preserve and |
| 9  |    | take control of and to prevent the dissipation, concealment, or |
| 10 |    | disposition of any assets of or managed by Cherokee, and its |
| 11 |    | subsidiaries and affiliates; |
| 12 | E. | to make an accounting, as soon as practicable, to this Court and the |
| 13 |    | Commission of the assets and financial condition of Cherokee, and to |
| 14 |    | file the accounting with the Court and deliver copies thereof to all |
| 15 |    | parties; |
| 16 | F. | to make such payments and disbursements from the funds and assets |
| 17 |    | taken into custody, control, and possession or thereafter received by |
| 18 |    | him, and to incur, or authorize the making of, such agreements as may |
| 19 |    | be necessary and advisable in discharging his duties as receiver; |
| 20 | G. | to employ attorneys, accountants and others to investigate and, where |
| 21 |    | appropriate, to institute, pursue, and prosecute all claims and causes of |
| 22 |    | action of whatever kind and nature which may now or hereafter exist |
| 23 |    | as a result of the activities of present or past employees or agents of |
| 24 |    | Cherokee, and its subsidiaries and affiliates; and |
| 25 | H. | to have access to and monitor all mail and email of the entities in |
| 26 |    | receivership in order to review such mail and email which he deems |
| 27 |    | relates to their business and the discharging of his duties as receiver. |
| 28 | /// |    |

**VIII.**

IT IS FURTHER ORDERED that defendants Labry and Cherokee, their subsidiaries and affiliates, including all of the other entities in receivership, and their officers, agents, servants, employees and attorneys, and any other persons who are in custody, possession or control of any assets, collateral, books, records, papers or other property of or managed by any of the entities in receivership, shall forthwith give access to and control of such property to the receiver.

**IX.**

IT IS FURTHER ORDERED that no officer, agent, servant, employee, or attorney of Labry and/or Cherokee shall take any action or purport to take any action, in the name of or on behalf of Cherokee without the written consent of the receiver or order of this Court.

**X.**

IT IS FURTHER ORDERED that, except by leave of this Court, during the pendency of this receivership, all clients, investors, trust beneficiaries, note holders, creditors, claimants, lessors, consultant groups and all other persons or entities seeking relief of any kind, in law or in equity, from Labry and Cherokee, or their subsidiaries or affiliates, and all persons acting on behalf of any such investor, trust beneficiary, note holder, creditor, claimant, lessor, consultant group or other person, including sheriffs, marshals, servants, agents, employees, and attorneys, are hereby restrained and enjoined from, directly or indirectly, with respect to these persons and entities:

    A.    commencing, prosecuting, continuing or enforcing any suit or proceeding (other than the present action by the Commission) against any of them, except as is necessary to prevent the running of the statute of limitations;

    B.    using self-help or executing or issuing or causing the execution or issuance of any court attachment, subpoena, replevin, execution or

8

     other process for the purpose of impounding or taking possession of or interfering with or creating or enforcing a lien upon any property or property interests owned by or in the possession of Cherokee or its subsidiaries or affiliates; and

  C. doing any act or thing whatsoever to interfere with taking control, possession or management by the receiver appointed hereunder of the property and assets owned, controlled or managed by or in the possession of Cherokee, or in any way to interfere with or harass the receiver or his attorneys, accountants, employees or agents or to interfere in any manner with the discharge of the receiver's duties and responsibilities hereunder.

## XI.

IT IS FURTHER ORDERED that defendants Labry and Cherokee, and their subsidiaries, affiliates, officers, agents, servants, employees and attorneys, shall cooperate with and assist the receiver and shall take no action, directly or indirectly, to hinder, obstruct, or otherwise interfere with the receiver or his attorneys, accountants, employees or agents, in the conduct of the receiver's duties or to interfere in any manner, directly or indirectly, with the custody, possession, management, or control by the receiver of the funds, assets, collateral, premises, and choses in action described above.

## XII.

IT IS FURTHER ORDERED that defendants Labry and Cherokee shall pay the costs, fees and expenses of the receiver incurred in connection with the performance of his duties described in this Order, including the costs and expenses of those persons who may be engaged or employed by the receiver to assist him in carrying out his duties and obligations. All applications for costs, fees and expenses for services rendered in connection with the receivership other than routine and necessary business expenses in conducting the receivership, such as

9

salaries, rent and any and all other reasonable operating expenses, shall be made by application setting forth in reasonable detail the nature of the services and shall be heard by the Court.

### XIII.

IT IS FURTHER ORDERED that no bond shall be required in connection with the appointment of the permanent receiver.  Except for an act of gross negligence, the receiver shall not be liable for any loss or damage incurred by any of the defendants, their officers, agents, servants, employees and attorneys or any other person, by reason of any act performed or omitted to be performed by the receiver in connection with the discharge of his duties and responsibilities.

### XIV.

IT IS FURTHER ORDERED that representatives of the Commission are authorized to have continuing access to inspect or copy any or all of the corporate books and records and other documents of Labry and Cherokee and the other entities in receivership, and continuing access to inspect their funds, property, assets and collateral, wherever located.

### XV.

IT IS FURTHER ORDERED that, except as otherwise ordered by this Court, defendants Labry and Cherokee, and their officers, agents, servants, employees, attorneys, subsidiaries and affiliates, and those persons in active concert or participation with any of them, who receive actual notice of this Order, by personal service or otherwise, and each of them, be and hereby are restrained and enjoined from, directly or indirectly: destroying, mutilating, concealing, transferring, altering, or otherwise disposing of, in any manner, any documents, which includes all books, records, computer programs, computer files, computer printouts, contracts, correspondence, memoranda, brochures, or any other documents of any kind in their possession, custody or control, however created, produced, or stored (manually, mechanically, electronically, or otherwise), pertaining in any manner to defendants

Labry and Cherokee, and their subsidiaries and affiliates.

## XVI.

IT IS FURTHER ORDERED that defendants Labry shall, within five days of issuance of this Order upon each of them, cause to be prepared and delivered to counsel for the Commission and to the Receiver, a detailed and complete schedule of all desk top computers, laptop computers and/or personal digital assistants ("PDA") owned and/or used by him or by Cherokee or its officers, agents, employees, subsidiaries and/or affiliates in connection with the business of Cherokee and its subsidiaries and affiliates. The schedule required by this section shall include at a minimum the make, model and description of each computer and/or PDA, along with its location, the name of the person primarily assigned to use the computer and/or PDA, all passwords necessary to access the computer and/or PDA, and all passwords necessary to access and use the software contained on the computer and/or PDA. The Commission and/or the Receiver is authorized to make an electronic, digital or hard copy of all of the data contained on the computers and/or PDAs.

## XVII.

IT IS FURTHER ORDERED that defendant Labry, within five days of the issuance of this Order, shall cause to be prepared and delivered to counsel for the Commission and the Receiver, a detailed and complete schedule of all passwords, usernames, and identification numbers for all web sites, email accounts, and all accounts at any bank, financial institution or brokerage firm (including any futures commission merchant) operated by or to which defendants Labry and Cherokee have or had access.

## XVIII.

IT IS FURTHER ORDERED that defendant Labry shall, within five days of the issuance of this Order, prepare and deliver to the Commission and the receiver a detailed and complete schedule of all of his personal assets, including all real and

personal property exceeding $5,000 in value, and all bank, securities, futures and other accounts identified by institution, branch address and account number. The accounting shall include a description of the source(s) of all such assets. Such accounting shall be filed with the Court and a copy shall be delivered to counsel for the Commission in this action at the Commission's Los Angeles Regional Office. After completion of the accounting, defendant Labry shall produce to the Commission's Los Angeles Regional Office, at a time agreeable to the Commission, all books, records and other documents supporting or underlying his accounting.

## XIX.

IT IS FURTHER ORDERED that the Commission's previously granted application for expedited discovery remains in effect and that the Commission may:

    A.    Take depositions of defendant Labry and non-parties upon oral examination subject to three calendar days notice pursuant to Rules 30(a) and 45 of the Federal Rules of Civil Procedure, including notice given personally, by facsimile or by electronic mail; and

    B.    Subpoena documents from third parties, including banks, and that such third parties may be required to produce all responsive documents within seven calendar days, pursuant to the terms of the subpoena.

## XX.

IT IS FURTHER ORDERED that this Court shall retain jurisdiction over this action for the purpose of implementing and carrying out the terms of all orders and decrees which may be entered herein and to entertain any suitable application or motion for additional relief within the jurisdiction of this Court.

DATED: January 20, 2010

                                              HONORABLE JAMES V. SELNA
                                              UNITED STATES DISTRICT JUDGE

# **PROOF OF SERVICE**

I am over the age of 18 years and not a party to this action. My business address is:

[X]   U.S. SECURITIES AND EXCHANGE COMMISSION, 5670 Wilshire Boulevard, 11th Floor, Los Angeles, California 90036-3648

Telephone No. (323) 965-3998; Facsimile No. (323) 965-3908.

On January 15, 2010, I caused to be served the document entitled **[PROPOSED] ORDER OF PRELIMINARY INJUNCTION AND ORDERS: (1) CONTINUING FREEZE OF ASSETS, (2) APPOINTING A PERMANENT RECEIVER, (3) PROHIBITING THE DESTRUCTION OF DOCUMENTS, (4) REQUIRING ACCOUNTING BY DEFENDANT THOMAS A. LABRY** upon the parties stated below: SEE ATTACHED SERVICE LIST.

[X]   **OFFICE MAIL:** By placing in sealed envelope(s), which I placed for collection and mailing today following ordinary business practices. I am readily familiar with this agency's practice for collection and processing of correspondence for mailing; such correspondence would be deposited with the U.S. Postal Service on the same day in the ordinary course of business.

[ ]   **PERSONAL DEPOSIT IN MAIL:** By placing in sealed envelope(s), which I personally deposited with the U.S. Postal Service. Each such envelope was deposited with the U.S. Postal Service at Los Angeles, California, with first class postage thereon fully prepaid.

[ ]   **EXPRESS U.S. MAIL:** Each such envelope was deposited in a facility regularly maintained at the U.S. Postal Service for receipt of Express Mail at Los Angeles, California, with Express Mail postage paid.

[X]   **HAND DELIVERY:** I caused to be hand delivered each such envelope to the office of the addressee.

[ ]   **FEDERAL EXPRESS:** By placing in sealed envelope(s) designated by Federal Express with delivery fees paid or provided for, which I deposited in a facility regularly maintained by Federal Express or delivered to a Federal Express courier, at Los Angeles, California.

[X]   **ELECTRONIC MAIL:** By transmitting the document by electronic mail to the electronic mail address as stated on the attached service list.

[ ]   **FAX:** By transmitting the document by facsimile transmission. The transmission was reported as complete and without error.

[X]   **(Federal)** I declare under penalty of perjury that I am a member of the bar of this Court and that the foregoing is true and correct.

Date: January 15, 2010              /s/ C. Dabney O'Riordan
                                    C. Dabney O'Riordan

**SEC v. THOMAS A. LABRY, et al.**
**United States District Court – Central District of California**
**Case No. SACV 10-0018 JVS (ANx)**
**(LA-3737)**

<u>SERVICE LIST</u>

Robert B. Ericson, Esq. **(served by electronic and U.S. mail)**
Cotton & Gundzik LLP
624 S. Grand Avenue, 22nd Floor
Los Angeles, CA 90017
Email:  rericson@cgllp.com
*Attorney for Court-Appointed Temporary Receiver John W. Cotton over Defendant Cherokee Gas Systems, Inc.*

Thomas A. Labry **(served by hand delivery)**
205 33rd Street
Newport Beach, CA 92663
*Pro Se*